## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HUNTER KACZYNSKI, a Minor, by his
Next Friend and Mother, STACEY KACZYNSKI

     Plaintiff,                 Case No.
                                      Hon.

vs.

ALVIN DEWEY and
MUSKEGON RIVER YOUTH HOME, INC.,
Jointly and severally

     Defendants.

_____

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555; (248) 355-5148 (fax)
k.riddle@fiegerlaw.com

_____

### PLAINTIFF'S COMPLAINT AND JURY DEMAND

> There is no other pending or resolved civil action arising out of the transaction or occurrence as alleged in the complaint.

_____
     Kevin C. Riddle, Esq.

{00841833.DOCX}             1

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**NOW COMES** Plaintiff, HUNTER KACZYNSK, a Minor, by and through STACEY KACZYNSKI, his Mother and Next Friend for, and through her attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint against the above-named Defendants, states as follows:

## <u>JURISDICTION</u>

1.     This is a civil action brought pursuant to the Civil Rights Act, 42 U.S.C. § 1981, et seq., seeking monetary and punitive damages against Defendants under 42 U.S.C §1983, and costs and attorney fees under 42 U.S.C. §1988, and pre-judgment and post-judgment interest, all arising from violations of Plaintiff's Fourth and Eighth Amendment rights of the United States Constitution incorporated to the states via the Fourteenth Amendment.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983.

3.     That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

4.     That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws and customs, and by virtue of, and under the

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

authority of the color of law, and such actions were performed in the course and scope of employment of each individual Defendant.

5.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interests, costs and attorney fees.

## VENUE

6.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Center Line, County of Macomb, State of Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

7.     At all times relevant to this litigation, Plaintiff, HUNTER KACZYNSKI, is a minor and was a resident of Defendant, MUSKEGON RIVER YOUTH HOME, INC., located in Evart, Osceola County, Michigan.

8.     Plaintiff, STACEY KACZYNSKI, is the mother of the minor HUNTER KACZYNSKI and Next Friend.

9.     At all times relevant to this litigation, Defendant MUSKEGON RIVER YOUTH HOME, INC. was a corporation conducting business in

{00841833.DOCX}     3

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Osceola County by acting as a private child caring institution in Evart, Michigan, and was responsible for the operation and supervision of staff there as well as responsible for the care and custody of individuals staying there, including Plaintiff's Minor, HUNTER KACZYNSKI.

10.     Defendant ALVIN DEWEY was an employee of MUSKEGON RIVER YOUTH HOME, INC. and acting within the course and scope of his employment when he used excessive force on HUNTER KACZYNSKI.

11.     MUSKEGON RIVER YOUTH HOME, INC was acting as a detention facility and therefore acting under color of law.

12.     HUNTER KACZYNSKI was a juvenile detainee at the MUSKEGON RIVER YOUTH HOME, INC at all relevant times.

13.     At all times relevant hereto, the staff members who were responsible for providing care, assistance, and supervision to Plaintiff's Minor, HUNTER KACZYNSKI, were employees, agents, and/or ostensible agents of Defendant MUSKEGON RIVER YOUTH HOME, INC., and accordingly MUSKEGON RIVER YOUTH HOME, INC. is vicariously liable for their conduct pursuant to the doctrines of vicarious liability or respondeat superior.

14.     Defendant herein, identified as corporations, supervisors and directors, including but not limited to, Defendant MUSKEGON RIVER

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{00841833.DOCX}                                    4

YOUTH HOME, INC., is directly liable for their own negligent and grossly negligent actions and are vicariously liable for the actions of their agents, staff members, contractors, employees and representatives including, but not limited to the Defendants listed herein.

15.     The events giving rise to this action occurred on or about March 7, 2019, in the City of Evart, County of Osceola, State of Michigan.

16.     The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00).

17.     Venue and jurisdiction are properly vested in this Court.

## COMMON ALLEGATIONS

18.     Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

19.     On March 7, 2019, Plaintiff's Minor, HUNTER KACZYNSKI, was a resident of MUSKEGON RIVER YOUTH HOME, INC.

20.     Defendant, MUSKEGON RIVER YOUTH HOME, INC., is a private child caring institution for at-risk male and female children, ages 10-17.

21.     Defendant, MUSKEGON RIVER YOUTH HOME, INC.,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{00841833.DOCX}                                          5

represents that it provides a secure environment whose residents include children with behavioral issues. Defendant provides specialized programs for substance abuse, sexual offending, mental health, and trauma recovery.

22.    Alvin Dewey was at all relevant times an employee and/or agent of MUSKEGON RIVER YOUTH HOME, INC.

23.    At all times relevant hereto, Defendant, MUSKEGON RIVER YOUTH HOME, INC., maintained control over the subject facility where Plaintiff received significant and permanent injuries.

24.    At all times relevant hereto, an investigation was conducted by the Department of Health and Human Services, Child Welfare and Licensing Division, regarding the incident alleged in this Complaint, referred to as Investigation Report #2019C0114022, dated April 9, 2019.

25.    At all times relevant hereto, Alvin Dewey, is referred to as Staff 1 in Investigation Report # 2019C0114022.

26.    At all times relevant hereto, Plaintiff's Minor, HUNTER KACZYNSKI, is referred to as Resident B in Investigation Report # 2019C0114022.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

27.     At the aforesaid date, time and place, and without proper legal justification, Alvin Dewey committed the acts as described in Investigation Report # 2019C0114022 with a conclusion that Dewey violated R 400.4159ed:

> Staff 1 grabbed Resident B's arm and yanked him out of a chair which resulted in a restraint. They fell to the floor. Other staff were present and could have assisted with a restraint if one was warranted. The restraint was not performed in a manner that was safe, appropriate, and proportionate to the severity of the minor child's behavior. Staff 1 is observed during the video recording to be pushing his elbow into the chest and back of Resident B with force, attempting to hurt Resident B. The restraint was also improper as Staff 1 challenged and escalated Resident B's behavior. Resident B, though not following staff directives, was not harming self or others or engaging in property destruction. Therefore, the restraint was not justified.

| CONCLUSION: | VIOLATION ESTABLISHED |
|---|---|

28.     At all times relevant hereto, Alvin Dewey, further demeaned, belittled and humiliated Plaintiff's Minor by swearing at him and speaking at him in a demeaning manner in violation of R 400.158.

29.     At all times relevant hereto, the investigation conducted by the Department of Health and Human Services concluded that Defendant's staff violated R. 400. 4159.

30.     Plaintiff's Minor, HUNTER KACZYNSKI, suffered injuries to his head and neck including bruises to his eyelids cheeks, neck, and chest, pain and suffering, and emotional distress as a result of the assault.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{00841833.DOCX}                                        7

31.    At all times relevant, Defendant's compliance supervisor, employee and/or agent committed these unlawful acts while in the course and scope of his employment.

32.    At all times relevant hereto, Defendant failed to have and/or enforce policies, procedures and/or rules regarding the use of excessive force and brutality by their employees and agents, regarding carrying out duties related to managing the facility.

33.    At all times relevant hereto, Defendant, MUSKEGON RIVER YOUTH HOME, INC., maintained, controlled and had immediate access to Alvin Dewey's employee file containing the disciplinary actions indicated below in Investigation Report # 2019C0114022:

> Staff 1: The file indicates that five disciplinary actions have occurred and are as follows.
>
> - 07/28/16, Being unprofessional. The document does not specially describe or articulate unprofessionalism.
>
> - 10/26/16 Unnecessary hands on. Improper restraint.
>
> - 02/07/17 Not following policy, hands on.
>
> - 10/20/17 Unnecessary hands on, power struggle.
>
> - 03/16/18 Attendance

34.    Plaintiff's Minor, HUNTER KACZYNSKI, did not engage in any negligent conduct in this matter and is not comparatively negligent.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
## AGAINST ALL DEFENDANTS

35.     Plaintiff hereby reincorporates each and every allegation contained in the above paragraphs as if fully set forth herein.

36.     Pursuant to the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, at all times relevant, Plaintiff had the right to be free from cruel, unusual and excessive force while under the custody and control of Defendants.

37.     The acts and/or omissions of Defendant ALVIN DEWEY, as outlined above, amounted to a seizure and excessive force within the meaning of the Fourth, Eighth and Fourteenth Amendments, when the Defendants terminated Plaintiff, HUNTER KACZYNSKI's freedom of movement through means intentionally applied.

38.     At all times relevant hereto, Plaintiff, HUNTER KACZYNSKI, was unarmed, and did not pose a threat of safety to Defendants or others.

39.     Under all the circumstances known to Defendants, the physical force used against Plaintiff, HUNTER KACZYNSKI, was objectively unreasonable and clearly excessive.

{00841833.DOCX}

9

40.    Defendant violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

41.    The conduct of the Defendant was, and remains extreme and outrageous, subjecting them to punitive damages.

42.    The misconduct of Defendant directly and proximately caused Plaintiff, HUNTER KACZYNSKI, to suffer numerous injuries including, but not limited to:

    a.  Facial and head contusions, abrasions, bruising, and other injury;

    b.  Post traumatic stress disorder;

    c.  Exacerbation of prior injury and/or illness;

    d.  Pain and suffering;

    e.  Anxiety;

    f.  Mental anguish;

    g.  Emotional distress;

    h.  Fright and shock;

    i.  Humiliation and/or mortification;

    j.  Economic loss;

{00841833.DOCX}

10

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

k. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

l. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n. Attorney fees and costs, pursuant to 42 US.C. 1988; and,

o. Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor against all Defendants, jointly and severally, and in an amount greatly in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT II
## 42 U.S.C. § 1983 – MONELL LIABILITY- MUSKEGON RIVER YOUTH HOME, INC.  AND DEFENDANTS IN THEIR OFFICIAL CAPACITIES

43.    Plaintiff hereby restates and re-alleges each and every allegation contained in the above paragraphs as if fully set forth herein.

44.    At all times relevant hereto, Defendants failed to train, discipline and supervise officers responsible for detainee's custody and care, and/or encouraged the officers to violate federal and state laws without regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.  ·  A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

{00841833.DOCX}                              11

45.    At all times relevant hereto, Defendants refused to provide the officers any training, discipline and supervision with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; refused to provide the officers with supervision and discipline to protect the constitutional rights of citizens; refused to require the officers to follow policies and procedures and state and federal law relating to the right of an detainee to be provided with medical care for serious medical needs.

26.    At all times relevant hereto, Defendants knew, or should have known, that the policies, procedures, training supervision and discipline of the officers were inadequate for the tasks that each Defendant was required to perform.

27.    At all times relevant hereto, there was a complete failure to train, supervise and discipline the officers.  The training, supervision and lack of discipline were so reckless, that future violations of the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were certain to occur.

{00841833.DOCX}                    12

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

28.    At all times relevant hereto, Defendants were on notice and knew that the failure of training, discipline and/or supervision of the officers with regard to the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs, were inadequate and would lead to the violation of detainee's constitutional rights.

29.    At all times relevant hereto, Defendants response to this knowledge was so inadequate as to show a complete disregard for whether the officers would violate the constitutional rights of citizens to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

30.    Defendants implicitly authorized, approved, or knowingly acquiesced in the excessive force and cruel and unusual punishment of citizens, and knew, or should have known, that such treatment would deprive detainees of their constitutional rights.

31.    At all times relevant hereto, there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

{00841833.DOCX}                                      13

32.    At all times relevant hereto, Defendants knew, or should have known, that there was a clear and persistent pattern of violations of citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, as described in the preceding paragraphs.

33.    Defendants tolerated the police officers' repeated violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, which allowed the officers to continue to engage in this unlawful behavior.

34.    Defendants refused to discipline officers who violated citizens' constitutional rights to be free from violations of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; failed to fully investigate allegations of misconduct, looked the other way, and thus, tacitly encouraged such behavior.    In doing so, Defendants condoned, ratified or encouraged the officers' staff to violate the Fourth, Eighth and Fourteenth Amendments to the United States Constitution as a matter of policy.

35.    That the conduct of the aforementioned Defendants, individually, corporately and as agents of said individual Defendants, deprived Plaintiff of her clearly-established rights, privileges, and immunities guaranteed her under the United States Constitution, specifically those set forth under the Fourth,

{00841833.DOCX}                                        14

Eighth and Fourteenth Amendments to same, as evidenced by the following particulars:

  a.   Permitting Plaintiff and other detainees to be subject to excessive force and cruel and unusual punishment, in violation of the Fourth, Eighth and Fourteenth Amendments;

  b.   Failing to properly train and supervise the individuals within the aforementioned facility having custodial and/or care giving responsibilities over Plaintiff to ensure the above breaches / deviations were not committed;

  c.   Tolerating the conduct of individuals within the aforementioned facility having custodial and/or care when it was apparent that there was a pattern of treatment of Plaintiff and other persons in a manner consistent with excessive force and in violation of her Fourth, Eighth and Fourteenth Amendment protection against excessive force and cruel and unusual punishment;

  d.   Failing to discipline the individuals within the aforementioned facility having custodial and/or care when it was apparent that they were using excessive force and cruel and unusual punishment.

36.   The misconduct of Defendants, directly and proximately caused Plaintiff, HUNTER KACZYNSKI, to suffer numerous injuries including, but not limited to:

  a.   Facial and head contusions, abrasions, bruising, and other injury;

  b.   Post traumatic stress disorder;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{00841833.DOCX}
15

c. Exacerbation of prior injury and/or illness;

d. Pain and suffering;

e. Anxiety;

f. Mental anguish;

g. Emotional distress;

h. Fright and shock;

i. Humiliation and/or mortification;

k. Economic loss;

l. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery;

m. Exemplary, compensatory and punitive damages allowed under Michigan and federal law;

n. Attorney fees and costs, pursuant to 42 U.S.C.1988; and,

o. Any other damages allowed by law.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, jointly and severally, and award an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs, interest and attorney fees, as well as punitive and exemplary damages.

{00841833.DOCX}

16

## COUNT III
## DIRECT NEGLIGENCE: MUSKEGON RIVER YOUTH HOME, INC.

37.    Plaintiff restates and re-alleges the allegations contained in the above paragraphs, as though fully set forth herein.

38.    At all times relevant, Defendant, MUSKEGON RIVER YOUTH HOME, INC., had a duty to act with ordinary care for the safety of Plaintiff's Minor, HUNTER KACZYNSKI.

39.    At all times relevant, Defendant, MUSKEGON RIVER YOUTH HOME, INC., had a duty to maintain its facility and/or place of business in a reasonably safe condition and to properly train and supervise it's employees, conduct background checks, and have and enforce strict policies and/or guidelines and/or rules regarding use of excessive force.

40.    Defendant breached its duties to Plaintiff by acting with negligence and/or gross negligence in the following ways:

a.    Failing to train its employees, agents and/or compliance supervisors;

b.    Failure to properly provide instruction to Defendant's employees, agents and/or compliance supervisors on the appropriate use of force under reasonable circumstances;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

{00841833.DOCX}

c.   Failing to implement necessary and appropriate policies and procedures identifying how and when to use force, and what kind of force is to be used given a particular situation;

d.   Failing to properly supervise and train Defendant's employees, agents and/or compliance supervisors;

e.   Failing to properly manage all employees, agents and/or compliance supervisors;

f.   Failing to properly hire individuals who are qualified and well suited to perform the job as employees, agents and/or compliance supervisors;

g.   Allowing the Defendants employees, agents and/or compliance supervisors to use excessive force;

h.   Failing to hire, manage, supervise and train employees and/or agents who were competent to deal with the residents in a reasonable manner;

i.   Allowing Alvin Dewey to remain on staff in contact with children given his prior history of improper conduct.

j.   Defendant is not afforded immunity under MCL 691.1635 because the conduct which caused Plaintiff's Minor's injuries amount to gross negligence and/or willful misconduct and/or was prohibited by law and a violation of the prohibition is punishable by imprisonment and;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

k.    Other acts and/or admissions as they become known through the course of continued discovery.

41.    As a proximate result of Defendant's gross negligence and/or recklessness and/or gross carelessness, Plaintiff's Minor, HUNTER KACZYNSKI has suffered the following injuries, past, present and future:

a.    Injuries to the head and neck;

b.    Bruising;

c.    Fright and shock;

d.    Pain and suffering;

e.    Medical bills and other economic damages;

f.    Mental anguish and emotional distress;

g.    Punitive and exemplary damages; and

h.    Any and all other damages that become known through the course of discovery or otherwise allowable under Michigan law.

WHEREFORE, Plaintiff's Minor, HUNTER KACZYNSKI, respectfully request that this Court enter judgment in favor of Plaintiff against Defendant, in an amount that is fair and reasonable under the circumstances, in excess of $75,000.00 plus costs, fees and interest.

{00841833.DOCX}    19

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## COUNT IV
## NEGLIGENCE, GROSS NEGLIGENCE AND/OR RECKLESSNESS: MUSKEGON RIVER YOUTH HOME, INC. STAFF

42.    Plaintiff restates and re-alleges the allegations contained in the above paragraphs, as though fully set forth herein.

43.    At all times relevant, Defendant's staff had a duty to act with ordinary care for the safety of Plaintiff's Minor, HUNTER KACZYNSKI.

44.    It was then and there the duty of Defendant and its agents, employees, and/or ostensible agents, including but not limited to the unlicensed caregivers, including but not limited to Alvin Dewey, to use due care and caution for Plaintiff's Minor, Hunter Kaczynski's safety and protection, including but not limited to protecting Hunter Kaczynski; refraining from improperly restraining and harassing Hunter; and contacting Hunter Kaczynski's guardian if Defendant was unable to meet his needs.

45.    That Defendant and its agents, employees, and/or ostensible agents, including but not limited to its unlicensed caregivers, breached these duties when they performed the following negligent acts:

   a. Negligently and recklessly failing to contact Hunter Kaczynski's legal guardian or other family members id you could not provide the care and supervision he required;

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

b. Negligently and recklessly restraining Hunter Kaczynski in violation of Administrative Rule 400.4159;

c. Negligently and recklessly failing to properly attend to Hunter Kaczynski 's need for safety as required by the Michigan Administrative Rules;

d. Negligently and recklessly failing to provide Hunter Kaczynski with the supervision and assistance that he required so that he was not assaulted and exploited by staff;

e. Negligently and recklessly failing to abide by the administrative regulations governing the safe ownership and operation of a licensed facility, as detailed in the Michigan Administrative Rules;

f. Negligently and recklessly failing to exercise ordinary and reasonable care to ensure that Hunter Kaczynski received proper care and supervision;

g. Negligently and recklessly failing to take steps to protect Hunter Kaczynski, a vulnerable child, when he was unable to protect or defend himself;

h. Any and all other acts of negligence that become known throughout the course of discovery and/or litigation.

i. Violation of R 400.4159. Defendant's policy/procedure pertaining to resident restraint states that it shall be performed in a manner that is

safe, appropriate, and proportionate to the severity of the minor child's behavior, chronological and developmental age, size, gender, physical condition, medical condition, psychiatric condition, and personal history, including any history of trauma, and done in a manner consistent with the resident's treatment plan. Defendant Alvin Dewey violated this policy/procedure as slamming Plaintiff's Minor to the ground and pushing his face into a bed frame was neither safe nor proportional to his actions;

j.   Violation of R 400.4159. Defendant's policy/procedure pertaining to resident restraint further states the licensee is permitted to restrain a child only a) to prevent injury to the child, self-injury, or injury to others; b) as a precaution against escape or truancy; and c) when there is serious destruction of property that places a child or others at serious threat of violence or injury if no intervention occurs. Plaintiff's Minor was not harming himself, others, or engaging in property destruction at the time Defendant Alvin Dewey restrained him, in clear violation of Defendant's policy/procedure pertaining to resident restraint;

k.   Violation of R 400.158. Defendant's policy/procedure pertaining to discipline states an institution shall prohibit all cruel and severe discipline including any of the following: verbal abuse, ridicule, or humiliation. Defendant Alvin Dewey's use of vulgar language and demeaning threats that lead to the escalation of

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

events in this instance constitutes a violation of this policy/procedure;

l. Defendants are not afforded immunity under MCL 691.1635 because the conduct which caused Plaintiff's Minor's injuries amount to gross negligence and/or willful misconduct. MCL 691.1635 (3). and;

m. Other acts and/or admissions as they become known through the course of continued discovery.

46.     As a proximate result of Defendant's gross negligence and/or recklessness and/or gross carelessness, Plaintiff's Minor HUNTER KACZYNSKI has suffered the following injuries, past, present and future:

a.     Soft tissue injuries

b.     Bruising;

c.     Fright and shock;

d.     Pain and suffering;

e.     Medical bills and other economic damages;

f.     Mental anguish and emotional distress;

g.     Punitive and exemplary damages; and

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

h.    Any and all other damages that become

known through the course of discovery or

otherwise allowable under Michigan law.

WHEREFORE, Plaintiff's Minor, HUNTER KACZYNSKI,

respectfully request that this Court enter judgment in favor of Plaintiff against

Defendant, in an amount that is fair and reasonable under the circumstances, in

excess of $75,000.00 plus costs, fees and interest.


Respectfully submitted,

FIEGER,        FIEGER,        KENNEY        &
HARRINGTON, P.C.


GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555; (248) 355-5148 (fax)
k.riddle@fiegerlaw.com

Dated: February 3, 2020

{00841833.DOCX}                    24

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

HUNTER KACZYNSKI, a Minor, by his
Next Friend and Mother, STACEY KACZYNSKI

     Plaintiff,               Case No.
                                 Hon.

vs.

ALVIN DEWEY and
MUSKEGON RIVER YOUTH HOME, INC.,
Jointly and severally

     Defendants.

_____

GEOFFREY N. FIEGER (P30441)
KEVIN C. RIDDLE (P57435)
Fieger, Fieger, Kenney & Harrington, P.C.
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555; (248) 355-5148 (fax)
k.riddle@fiegerlaw.com

_____

## JURY DEMAND

    NOW COMES Plaintiff, HUNTER KACZYNSKI, a Minor, by his Next

Friend and Mother, STACEY KACZYNSKI, by and through her attorneys,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and  hereby demands

for trial by jury in the above-captioned matter.

{00841833.DOCX}            25

/s/ Kevin C. Riddle
Fieger, Fieger, Kenney & Harrington, P.C.
19390 West Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555
k.riddle@fiegerlaw.com
P57435

Dated:  February 3, 2020